UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                       CASE NO.: 2:17-cr-87-FtM-38MRM

JOSE NUNEZ
_____

**ORDER**[1]

Before the Court is Defendant Jose Nunez's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 130), the Government's response in opposition (Doc. 132), Nunez's reply (Doc. 135), and the parties' supplemental briefs (Docs. 138; 141).

In 2018, the Court sentenced Nunez to eleven years imprisonment, followed by five years of supervised release, for drug-related charges. Nunez now moves for compassionate release under § 3582(c)(1)(A) based on the COVID-19 pandemic. As grounds, Nunez relies on the fact that he contracted the virus and is currently hospitalized. What's more, Nunez points to several other chronic health conditions putting him at a higher risk of severe illness from COVID-19. The Government concedes Nunez has serious health

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

conditions. Still, it opposes Nunez's request for failure to exhaust administrative remedies, among other reasons.

Courts lack the inherent authority to reduce previously imposed sentences. *See United States v. Diaz-Clark,* 292 F.3d 1310, 1319 (11th Cir. 2002). So a defendant's request for a reduced sentence must be tied to a statute or rule. Nunez relies on the compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A) and must establish that such release is warranted. *See United States v. Heromin,* No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Reducing a prison sentence for compassionate release is possible if a court finds "extraordinary and compelling reasons," consistent with policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Even if an extraordinary and compelling reason exists, other factors are relevant too. *Id.* at § 1B1.13(2); 18 U.S.C. § 3582(c)(1)(A).

After reviewing the parties' arguments, record, and applicable law, the Court denies Nunez's compassionate release for failure to exhaust his administrative remedies.

A court may consider a defendant's compassionate release request either,

> upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

*Id.* at § 3582(c)(1)(A). This is "a claims-processing rule." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). And while that "requirement is *not* jurisdictional," "it is mandatory." *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020).

Over time, Nunez filed two requests with his warden. But neither exhausted his remedies.

First, Nunez filed a compassionate release request with his warden in April 2019 related to his general health issues. While Nunez argues this Motion relates back to that request for exhaustion purposes, the Court disagrees. The 2019 request related to health concerns, but it had nothing to do with the pandemic, which is the thrust of Nunez's position in the Motion. Nor could the warden have considered the pandemic a year before it struck. What's more, much of Nunez's argument put forth in the supplemental briefing relies on the fact that he now has COVID-19. Because these matters were not contemplated in his 2019 request, it did not meet his exhaustion requirement for the relief he currently seeks. *See United States v. Johnson*, No. 8:11-cr-12-T-27AEP, 2020 WL 6134668, at *1 (M.D. Fla. Oct. 19, 2020) (holding defendant's earlier request for compassionate release over COVID-19 did not exhaust remedies for a later-filed motion related to the virus).

While Nunez cites a case from New York that suggests otherwise, the Court is unpersuaded. Under Nunez's reading, any request for compassionate release a defendant ever made to a warden would meet the exhaustion requirement for any future motion. Yet that would defeat the purpose of the mandatory exhaustion requirement. Perhaps courts could create an exception to compare an earlier request and decide if it's similar enough to the current one. That said, "Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *Alam*, 960 F.3d at 834. And at that level of abstraction—untethered from the statute—we'd just be making it up as we go along. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("We would not read exceptions into statutory exhaustion requirements where Congress has provided otherwise." (cleaned up)). To be sure, the Court agrees with Nunez that he need not present the warden with his proposed compassionate release motion in his request. Yet the bases of the two must at least be related.

Second, Nunez made another compassionate release request on November 17, 2020. This time, the request related to COVID-19 health concerns, like the Motion. The warden denied Nunez's request a day later. And Nunez filed this Motion a week later, on November 24, 2020. On this timeline, however, Nunez did not exhaust his remedies. The plain language of the statute is clear, a defendant must exhaust his remedies through the BOP appellate process or wait until thirty days after requesting relief from the

4

warden before filing a motion. 18 U.S.C. § 3582(c)(1)(A) (stating the court may grant relief "upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal . . . or *the lapse of 30 days* from the receipt of such a request by the warden . . ., whichever is earlier" (emphasis added)). This Court must assume Congress "says in a statute what it means and means in a statute what it says." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). Congress could have allowed motions upon the warden's denial. Yet it chose not to do so. Likewise, Congress might have permitted a court ruling so long as thirty days passed between a request to the warden and the date of the order. But again, that's not what the statute says. At bottom, this Court cannot ignore Congress' otherwise clear command.

As much as Nunez relies on Middle District cases, they are inapt. In *United States v. Vigil*, a defendant made three separate requests to the warden for a COVID-19 release. No. 3:09-cr-322-J-32PDB, 2020 WL 6044561, at *3 (M.D. Fla. Oct. 13, 2020). One request was sent over thirty days before defendant moved for compassionate release in court. *Id.* at *3-4 & n.4. Here, it's undisputed thirty days did not pass. Other cases are similarly distinguishable. *United States v. Smith*, No. 3:97-cr-120-J-34PDB, 2020 WL 5106694, at *3 (M.D. Fla. Aug. 31, 2020) (thirty days passed); *United States v. Palmer*, No. 6:18-cr-00012 (M.D. Fla. Dec. 17, 2020) (same).

The most persuasive case is unaddressed by the parties. In *Alam*, the Sixth Circuit held defendant failed to exhaust "because he waited just 10 days after the warden's receipt of his request to file his motion in federal court, not the required 30 days." 960 F.3d at 832. In doing so, it explained § 3582(c)(1)(A) exhaustion is a mandatory, claim-processing rule, so federal courts must apply it if raised by the Government. Because the defendant failed to meet this requirement, *Alam* affirmed the district court's dismissal of a compassionate release motion without prejudice to refile. The result here is the same.

Because Nunez did not exhaust his remedies, the Court must deny the Motion. Even so, Nunez is free to refile a new motion provided he has met the necessary prerequisites to filing.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 130) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on January 18, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record